MARÍA MARCHESE VIVÓ, Plaintiff and Respondent, *v.* CARMEN ANA MARCHESE VIVÓ ET AL., Defendants and Petitioners.

No. 12099. Submitted February 29, 1960.—Decided May 10, 1960.

*Enrique Báez García* and *Héctor Reichard* for several petitioners. *Antonio J. Amadeo* for one of the petitioners. *José Veray, Jr.* for respondent.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

María Vivó Vilella died while a widow in 1952 in the city of San Juan, Puerto Rico under an open will executed the same year before Notary Gustavo Zeno Sama. In said will she designated as sole and universal heirs, share and share alike, her seven legitimate children named Carmen Ana, Celia, Pablo Rafael, Sara Ramona, Lydia, Rosa Luisa and María Marchese Vivó and her minor grandchild María del Pilar González Marchese, only child of her predeceased daughter Laura Marchese Vivó; she did not describe her property because it was known to her children; she willed the third of free disposal to her daughter María Marchese Vivó; she provided for the request of the appointment of a guardian for the administration of the property which belonged to her grandchild María del Pilar González Marchese; she designated and appointed her son-in-law Rafael Pont Flores and her daughter María Marchese Vivó as coexecutors, authoriz-

ing them to administer all the property of the estate until the partition thereof were made, releasing them from bond and empowering them to pay the debts and collect any credits; she appointed her said son-in-law Rafael Pont Flores as commissioner in partition of her property.

The testamentary executors accepted their office and on February 17, 1953 the Arecibo Part of the Superior Court issued testamentary letters in their favor, which constituted proof of their authority as executors of the deceased María Vivó Vilella.

The heiress Lydia Marchese Vivó died intestate on July 1, 1953, leaving three legitimate children named Antonio Enrique, Madeline and Héctor Alberto Sécola Marchese, who are under the *patria potestas* of their father Antonio Sécola.

On November 25, 1953 Rafael Pont Flores resigned the position of executor and María Marchese Vivó continued as sole executrix and administratress of the property left by the predecessor.

On April 26, 1954 the heiress and executrix María Marchese Vivó filed a complaint in the Aguadilla Part of the Superior Court, for the Division of Common Property, against the other coheirs. In said complaint she alleged the fact of the death of her mother María Vivó Vilella, the execution of the will mentioning the above-described clauses and set forth that the testatrix had left personal and real property and interests subject to partition among which appear those she describes in said complaint. She further alleged that the inheritance tax had been paid and that there were no debts against the hereditary estate; that the plaintiff did not wish to continue in the community and that the defendants have objected to the division of the estate. The complaint ends with the prayer that the defendants be ordered to divide the estate in accordance with the will left by the predecessor with award of costs, expenses and attorney's fees to the defendants.

The defendant Sara Ramona Marchese Vivó appeared in writing consenting to the complaint. The codefendant Rosa

Luisa Marchese Vivó failed to appear personally and her default was entered. The minor María del Pilar González Marchese, represented by her father Ramón González Navas, appeared answering the complaint. She admitted some facts and denied others and as counterclaim alleged that there was other property not listed in the complaint; that the plaintiff had not rendered the final account of her administration, as executrix, of the estate left by María Vivó Vilella and that the commissioner in partition had resigned his position as it appeared from the complaint. She ended her counterclaim with the prayer that the complaint be dismissed and the counterclaim be granted ordering that a commissioner in partition be appointed to take charge of all the property of the estate and to divide it in accordance with the will executed by the predecessor; that the plaintiff deliver a sworn list of all the property constituting the estate as well as the final account of her administration as executrix.

The heirs Carmen Ana, Celia and Pablo R. Marchese and the minors Antonio Enrique, Madeline and Héctor A. Sécola Marchese, the last three represented by Antonio Sécola, their father with *patria potestas*, filed a separate answer. They alleged that the complaint did not state facts sufficient to constitute a cause of action; they denied that the property listed in the complaint is all the property left by the predecessor and alleged on the contrary that there were other property, credits and assets not listed in the complaint and finally alleged that the will executed by the predecessor was void.

After some preliminary steps a trial was held on the merits, in which the plaintiff offered documentary and oral evidence. The defendants did not introduce evidence but rather submitted the case on the questions of fact and of law raised in the answer. After making findings of fact and conclusions of law the lower court entered judgment granting the complaint and ordering the defendants to divide the hereditary property described in one of the findings of fact, within a period of 30 days as of the notice of the judgment, provid-

ing also that if they failed to agree within said term, they should appear within 15 days to propose candidates for the appointment of a commissioner in partition to divide the estate, and lastly ordered the defendants who had answered the complaint to pay the amount of $1,000 for attorney's fees.

■■ The lower court bases its judgment on § 1005 of the Civil Code (31 L.P.R.A. § 2871)[1] which provides that no coheir is compelled to remain in possession of the inheritance without partition; on § 1012 of said Code (31 L.P.R.A. § 2878)[2] which says that if the heirs of legal age should not agree as to the manner of making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings, and the proper thing to do in this case, pursuant to said provisions, is to appoint a commissioner in partition because the property is divisible.

The provisions of the said §§ 1005 and 1012 of the Civil Code (1930 ed.) leave no doubt whatsoever. Where we disagree with the trial court is in that the only proper thing to do in this case is to appoint a commissioner in partition to divide the hereditary property. Which property is that? Much of it is mentioned in the complaint but not all. In its findings of fact the trial court states that among the property subject to partition is that described in the complaint. The plaintiff herself testified that there is other property of the estate not mentioned in the complaint. It was not mentioned by the lower court in its findings of fact either. The

---

[1] "Section 2871 (§ 1005 of the Civil Code) provides:

"2871. When division permitted

"No coheir shall be compelled to remain in possession of the inheritance without partition unless the testator expressly prohibits partition. This prohibition shall not extend to the property which constitutes the lawful portions of the heirs.

"In every case, partition shall always be had for any reasons for which a partnership is dissolved."

[2] Said Section provides:

"§ 2878. Legal proceedings if heirs disagree

"If the heirs of age should not agree as to the manner of making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings, approved March 9, 1905."

many inconveniences created in this case to decide plaintiff's claims favorably result from her failure to comply with the duties imposed upon her by law as testamentary executrix. She took possession of the hereditary property but never made an inventory of said property, with the intervention of all the heirs, in the manner prescribed in §§ 568, 569 and 570 of the Law of Special Legal Proceedings. (32 L.P.R.A. §§ 2401, 2402 and 2403.) She has administered said property behind the back of the other coheirs, receiving rents, paying debts and cancelling and receiving the amount of a mortgage credit, without having filed in the Superior Court the quarterly statements or the final account of her executorship in the manner provided by §§ 587 and 588 of the Code of Civil Procedure. (32 L.P.R.A. §§ 2511 and 2512.) The need to render these accounts so that the other heirs may examine them, emerges from the very facts of this case as related by the plaintiff. For example, she testified that she paid the income tax of the estate as if the latter were a corporation. Upon being asked why she had considered the estate as a corporation she answered that it had been so decided by the Department of the Treasury and that she had not consulted any attorney on that matter. Hence there arises from the record the probability that the heirs have paid excess taxes without having had the opportunity to defend themselves against the assessment and collection of that tax, due to their absolute ignorance of the acts of administration performed by the executrix. The same thing happens with the fees paid by the executrix to an attorney. The attorney himself fixed the amount of said fees. It also appears from the record that some of the mortgagors of the estate have not paid the corresponding interest on the money that they received from the deceased as a loan. Plaintiff herself owes the estate the sum of $16,000. When asked if she paid interest on said amount, she kept silent. The record does not explain the reason why those persons do not pay interest on the amounts owed to the estate.

On the other hand, how did the trial court determine that the hereditary estate was free from debts? On the sole testimony of the plaintiff who testified that she knew that there were no debts because it was she who administered the hereditary estate. Plaintiff's theory was that this evidence distinguished the case at bar from that of *Ruiz* v. *Ruiz*, 74 P.R.R. 321, where we said on page 325 that "even assuming that, if an issue arises between the parties giving rise to an adverse proceeding, resort should be had to the ordinary proceeding of division of common property (*Rivera* v. *District Court, supra*), in said action the rights and interests of the Treasury and of the possible creditors of the hereditary estate should be safeguarded and protected." Precisely for that reason the executor must follow the procedure indicated by law for the payment of debts of the hereditary estate. Section 593 of the Code of Civil Procedure (32 L.P.R.A. § 2541) imposes on the executor or administrator the duty to pay the *valid debts* of the deceased, and § 594 of the same Code (32 L.P.R.A. § 2542) provides that for this purpose, he shall publish in a newspaper designated by the judge of the Superior Court a notice to the creditors to present their claims, duly verified, to him, at a place designated by the notice. The executrix in this case failed to follow that procedure and we do not see how the nonexistence of debts of the hereditary estate can be considered proven when it does not appear from the record that the executrix has made any move toward that end.

██ The facts set forth prove that in bringing the action for the division of common property authorized by §§ 326 to 340 of the Civil Code [31 L.P.R.A. §§ 1271 to 1285] plaintiff has deprived the other coheirs of the rights granted to them by law such as their intervention in the preparation of the inventory of hereditary property, inspection of the acts of administration by the examination of the quarterly accounts and intervention in its approval by the court, objecting to the payment of debts of the property that are not legitimate, intervention in the determination of the debts of the heredi-

tary estate, etc. On the other hand, by resorting to the action for division of common property, as has been done here, the executrix manages to elude the compliance with the duties which as such are imposed upon her by law and what is even worse, succeeds in having the heirs, excluding herself, pay the services of her attorney, when pursuant to the law the common expenses must be deducted from the estate. Section 1017 of the Civil Code [31 L.P.R.A. § 2883], *Cf. Mercado* v. *Mercado*, 66 P.R.R. 36.

██ Actually, the allegations of the complaint as well as the evidence do not determine the action of *"communi dividundo"* but rather the division of the estate (*familiae erciscundae*). *López* v. *López*, 14 P.R.R. 634; *Lassus et al.* v. *Ducret et al.*, 26 P.R.R. 348. Although both actions are essentially the same insofar as their object is to terminate a common ownership, however, both are governed by different rules. For the division of the estate the lawmaker has fixed clear, precise and complete rules in the Law of Special Legal Proceedings. These rules follow considerations of a practical and not of a technical order in the division and distribution of the estate. As this Court said in *Trinidad et al.* v. *Suc. of Trinidad et al.*, 19 P.R.R. 616, 624, where the action of *"communi dividundo"* was also filed improperly, "[T]he very nature of the estate shows, therefore, the necessity of special provisions to govern the same, and when such special provisions exist they should be complied with and litigants should not seek to elude them as the plaintiffs have sought to do in the present case."

The trial court should have dismissed the complaint in this case and referred the litigants to a trial of testatorship. Consequently the judgment of the Superior Court is reversed and another entered instead dismissing the complaint and ordering the plaintiff to pay costs and the amount of $600 for attorney's fees to the defendants-petitioners.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.